### JOHN M. E. GILSON *vs.* STEVENS MACHINE COMPANY & another.

Middlesex. Jan. 8. — June 26, 1878. AMES & LORD, JJ., absent.

A person, not the payee, who, before the St. of 1874, c. 404, wrote his name upon the back of a negotiable promissory note at its inception, and before its delivery, is liable as an original promisor; and parol evidence is inadmissible to show that he wrote his name upon the note, not with the intention of adding his personal responsibility to its security, but merely in approval of it as the president of a company; or that the treasurer issued the note in violation of a by-law of the company; the plaintiff, the payee of the note, having no knowledge of these facts.

CONTRACT against the Stevens Machine Company and Alfred Page, upon two promissory notes for $1200 each, dated respectively June 7, 1870, and June 16, 1870, purporting to be the notes of the defendant company, and signed by its treasurer, payable to the order of the plaintiff on demand, with interest. On the back of the notes were the words "Alfred Page." The Stevens Machine Company was defaulted, and the case was tried in the Superior Court as to the liability of the defendant Page,

without a jury, before *Brigham*, C. J., who found the following facts :

At the time when the notes were made, the defendant Page was the president and a director of the Stevens Machine Company. The plaintiff, before the making of the notes declared on, was applied to by the treasurer of said company to lend money to the company, but refused to lend the money upon the notes of the treasurer unless he had also on such notes the name of the defendant Page ; and thereupon the treasurer made the notes declared on, took them to Page, and asked him to put his name on the notes, in approval of them, which he did, and the treasurer then delivered the notes to the plaintiff, who paid to him $2400, which was applied by the treasurer exclusively to the use of the company. A by-law of the company provides that " the treasurer shall give or negotiate such notes or bills of exchange for such amounts and at such times as the business of the company may require and the directors may order, but for no other purpose."

There was no evidence at the trial that the plaintiff had any knowledge of this by-law, or of the fact that the treasurer applied to Page to put his name on the notes in approval of them, or that Page put his name on them in approval only ; and it did not appear that the treasurer was ever ordered by the directors of the company to give or negotiate the notes declared on, unless such order is to be implied from the fact that Page put his name on the notes in approval of them.

The judge ruled that, upon the facts found, the plaintiff was entitled to recover; and ordered judgment for him in the sum of $2602.62. The defendant alleged exceptions.

*F. A. Worcester*, for the defendant.

*L. Wallace*, for the plaintiff, was not called upon.

COLT, J. These notes were made before the St. of 1874, .. 404, and are governed by the rule by which it has been held in this Commonwealth, in order to give validity in some form to promissory notes and negotiable instruments, upon which parties have placed their signatures irregularly, that a person who is not the payee, and who writes his name on the back of a negotiable note at its inception and before its delivery, is liable as an original promisor. *Union Bank* v. *Willis*, 8 Met. 504. *Clapp* v. *Rice*, 13 Gray, 403.

The plaintiff, at the time these notes were taken by him, had no knowledge of any restriction by the by-laws upon the power of the treasurer of the Stevens Machine Company to give the notes of the corporation ; or that the defendant Page only put his name on the notes as president or director of the company, in approval of the treasurer's act in giving them, and not with the intention of adding his private responsibility to the security of the notes. The plaintiff is an honest holder for value, without notice of the treasurer's misconduct. The fact that Page's name was on these notes before they were delivered to the plaintiff is conclusive of the legal character and effect of his contracts, and parol evidence is not admissible to control the effect. *Essex Company* v. *Edmands*, 12 Gray, 273. *Wright* v. *Morse*, 9 Gray, 337.                                    *Exceptions overruled.*